UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CRESHAM,

Plaintiff,

v.

MERCEDAH BAGHAI, et al.,

Defendants.

2:25-cv-2987-CKD P

ORDER

Plaintiff is a state prisoner seeking relief under 42 U.S.C. § 1983. He proceeds without counsel and requests to proceed in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, plaintiff's complaint is dismissed with leave to amend.

I.      **In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

1

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Allegations in the Complaint

Defendants are two outside doctors at Banner Hospital who contract with the California Department of Corrections and who performed hernia surgeries on plaintiff. (ECF No. 1 at 3-6.) At the time of filing the complaint, plaintiff had undergone four such surgeries and a fifth surgery was scheduled. (Id. at 5.)

Dr. Shah performed the first surgery in January 2024. (ECF No. 1 at 6.) Dr. Shah said the surgery would be a "quick and easy" elective repair of one hernia, but when it was over, plaintiff learned there were three hernias and the surgery was long and difficult. (ECF Id.) Plaintiff alleges Dr. Shaw "wasn't prepared" and botched the surgery. (Id.) Plaintiff alleges "the hernia was already strangulated [but] instead of removing this strangulated omentum [Dr. Shah] just left it." (Id.)

Dr. Baghai performed plaintiff's second and third hernia surgeries. (ECF No. 1 at 4.) Plaintiff was rushed into the second surgery in June 2024 after his "first surgery had ruptured." (Id.) Dr. Baghai said the damage from the first surgery was extensive and plaintiff's hernia was strangulated. (Id.) Dr. Baghai said she cut out a mass which had been growing for some time and that a third surgery was required. (Id.) Plaintiff alleges the second and third surgeries failed because Dr. Baghai did not insert the surgical mesh correctly. (Id. at 3.)

As a result of the alleged failed surgeries, plaintiff suffered permanent nerve damage and other injuries. (ECF No. 1 at 3, 5.) Through this suit, he seeks damages. (Id. at 15.)

////

**IV.    Discussion**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. For screening purposes, plaintiff adequately alleges Dr. Shah and Dr. Baghai acted under color of state law because he alleges Banner Hospital, where they performed surgery on plaintiff, contracts with CDCR to provide medical care to prisoners.

State actors are deliberately indifferent in violation of the Eighth Amendment if they know a prisoner faces a substantial risk of serious harm, and disregard that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted).

The complaint fails to state a claim because it does not plead facts that show deliberate indifference. Instead, plaintiff's allegations plausibly suggest no more than negligence or medical malpractice, which does not suffice to state a deliberate indifference claim. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (2013); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Mere negligence in the provision of medical care… does not constitute a constitutional violation.") (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Describing conduct that is merely medical malpractice and labeling it as deliberately indifferent does not suffice to state a claim because naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Moreover, although plaintiff argues even a layperson could conclude Dr. Shah failed to properly address a hernia that was already strangulated, plaintiff's assertion of a difference in opinion—which this appears to be—is insufficient to establish a defendant acted with deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

## V.      Leave to Amend

Plaintiff is granted leave to amend these claims. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purpose of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

## VI.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your complaint is being dismissed with leave to amend because the allegations fail to state a deliberate indifference claim under the Eighth Amendment. You have an opportunity to file an amended complaint.

## VII.    Order

In accordance with the above, IT IS ORDERED as follows:

1.   Plaintiff's motions to proceed in forma pauperis (ECF Nos. 3, 5) are GRANTED.

2.   Plaintiff's complaint is dismissed with leave to amend.

3.   Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 cres2987.scrn

4