UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRESHAM,<br>Plaintiff,<br>v.<br>MERCEDAH BAGHAI, et al.,<br>Defendants. | 2:25-cv-2987-CKD P<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff William Cresham, a state prisoner, proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. § 1983. This case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 16.) Because it clearly appears plaintiff cannot state a claim for relief based on the underlying facts, this action should be dismissed without further leave to amend for failure to state a claim.

**I. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Amended Complaint

Defendants are two outside doctors at Banner Hospital who performed hernia surgeries on plaintiff. (ECF No. 16 at 4 & 6.) Plaintiff alleges that as a result of these failed surgeries, he suffered permanent nerve damage and other injuries. (Id. at 7.) He seeks damages. (Id.)

Dr. Shah performed the first surgery in January 2024. (ECF No. 16 at 4.) Dr. Shah allegedly acted with deliberate indifference, and knew or had reasons to know the hernia was already strangulated, and made a conscious choice not to remove the strangulated omentum. (Id.)

Dr. Baghai performed plaintiff's second and third hernia surgeries. (ECF No. 16 at 6.) Dr. Baghai allegedly acted with deliberate indifference, and failed to properly insert and secure the required surgical mesh during the second and third operations, "despite the high-risk of nature of the corrective repair." (Id.)

## III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person or entity acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Assuming solely for purposes of this order that plaintiff adequately alleges Dr. Shah and Dr. Baghai acted under color of state law, the allegations in the FAC do not state a claim under § 1983 for the same reasons the original complaint failed to state a claim. Because plaintiff has not stated any federal claim under § 1983, the court should decline to exercise jurisdiction over any state-law claims. See 28 U.S.C § 1367(c).

State actors are deliberately indifferent in violation of the Eighth Amendment if they know a prisoner faces a substantial risk of serious harm, and disregard that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. "Mere indifference, negligence, or medical malpractice" will not support a claim of deliberate indifference. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Mere negligence in the provision of

medical care… does not constitute a constitutional violation.") (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

Naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Accordingly, describing conduct that is, at most, mere medical malpractice and labeling it as deliberately indifferent does not suffice to state a claim. A difference in opinion about the appropriate course of treatment is insufficient to establish a defendant acted with deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Here, plaintiff's allegations plausibly suggest no more than negligence or medical malpractice, which cannot suffice to state a deliberate indifference claim. See Lemire, 726 F.3d at 1082.

**IV. Leave to Amend**

Plaintiff was previously advised of the deficiencies in his federal claims based on these underlying facts and the FAC contains substantially the same factual allegations and the same deficiencies. It now clearly appears plaintiff cannot state a claim for relief and the FAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your first amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim under 42 U.S.C. § 1983. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

**VI. Order and Recommendation**

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

////

In addition, IT IS RECOMMENDED as follows:

1. This action be dismissed for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 cres2987.scrn.fac.fr